## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v.            ) | |
| ) | **NO.** _____ |
| **RENEWABLE POWER** ) | |
| **CONSULTING, P.A. and** ) | |
| **ALFRED NASH** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

The Hanover Insurance Company, plaintiff, by and through its undersigned attorneys, for its complaint herein, alleges against defendants Renewable Power Consulting, P.A. and Alfred Nash, as follows:

### PARTIES

1.  At all times relevant hereto, The Hanover Insurance Company has been an insurance company organized under the laws of the State of New Hampshire with a principal place of business located at 440 Lincoln Street, Worcester, Massachusetts.

2.  At all times relevant hereto, Renewable Power Consulting, P.A. has been a corporation organized under the laws of the State of Maine with a principal place of business located at 43 Spaulding Road, Palmyra, Maine.

1

3. At all times relevant hereto, Alfred Nash (hereinafter "Nash") has been an executive officer of Renewable Power Consulting, P.A.

## JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is subject of the action is situated in Connecticut.

## STATEMENT OF FACTS

6. The Hanover Insurance Company issued a policy of insurance to Renewable Power Consulting, P.A. bearing policy number OHP-617374207 (hereinafter "Policy") with an effective policy period from 8/18/2016 to 8/18/2017.  A true and accurate copy of the Policy is attached hereto as Exhibit A.

7. At some time prior to December, 2017, Renewable Power Consulting, P.A. and Nash agreed to provide services to Putnam Green Power LLC and Historic Cargill Falls Mill LLC in connection with the design and construction of a hydroelectric generating facility in Putnam, Connecticut (hereinafter "Project").

8. In December, 2017, Putnam Green Power LLC and Historic Cargill Falls Mill LLC commenced suit against Renewable Power Consulting, P.A. and Nash in

the United States District Court for the District of Connecticut under the caption *Putnam Green Power LLC et al* v. *Renewable Power Consulting PA et al*, and bearing civil action number 3:17-CV-02004-SRU (hereinafter "Underlying Action") due to alleged failures by Renewable Power Consulting, P.A. and Nash in connection with the Project.  A true and accurate copy of the Second Amended Complaint filed in the Underlying Action is attached hereto as Exhibit B.

9.  In the Underlying Action, Putnam Green Power LLC and Historic Cargill Falls Mill LLC allege, *inter alia*, that Renewable Power Consulting, P.A. and Nash engaged in professional negligence in that Renewable Power Consulting, P.A. and Nash:

   a.  Failed to complete required engineering designs and plans in a timely and accurate manner;

   b.  Failed to design and complete engineering plans and designs in a manner that could be constructed and operational on the property in accordance with the property's characteristics, as well as Putnam Green Power LLC and Historic Cargill Falls Mill LLC's proposed construction sequence;

   c.  Failed to ensure that Renewable Power Consulting, P.A. and Nash's work was designed in a manner consistent with Putnam Green Power LLC and Historic Cargill Falls Mill LLC's direction and needs of the hydroelectric generating facility;

    d.  Failed to complete a variety of work that was part of the scope of work; and

    e.  Performed work in a neglectful, careless and/or negligent manner.

10. In the Underlying Action, Putnam Green Power LLC and Historic Cargill Falls Mill LLC allege, *inter alia*, that Renewable Power Consulting, P.A. and Nash negligently engaged in serial misrepresentations and omissions, including as to its competencies at the hiring stage, its knowledge and communications with vendors, the progress of work at all stages, the timing of delivery of work product, the completeness of submissions to regulatory agencies, the completeness of design work needed by contractors for bidding and construction, and the scope of work undertaken on the second bid package and that Putnam Green Power LLC and Historic Cargill Falls Mill LLC reasonably relied on said misrepresentations and omissions to their detriment.

11. In the Underlying Action, Putnam Green Power LLC and Historic Cargill Falls Mill LLC allege, *inter alia*, that Renewable Power Consulting, P.A. and Nash intentionally engaged in serial misrepresentations and omissions, including incompetencies at the hiring stage, knowledge and communications with vendors, the progress of work at all stages, the timing of delivery of work product, the completeness of submissions to regulatory agencies, the completeness of design work needed by contractors for bidding and construction, and the scope of work undertaken on the second bid package and that Putnam Green Power LLC and Historic Cargill Falls Mill LLC

reasonably relied on said misrepresentations and omissions to their detriment.

12. In the Underlying Action, Putnam Green Power LLC and Historic Cargill Falls Mill LLC allege, *inter alia*, that Renewable Power Consulting, P.A. and Nash's conduct in connection with the Project constituted unfair and deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a).

13. In the Underlying Action, Putnam Green Power LLC and Historic Cargill Falls Mill LLC seek to discharge a mechanic's lien on the property due to Renewable Power Consulting, P.A. and Nash's work which was performed in an allegedly negligent and/or unprofessional manner.

14. In the Underlying Action, Putnam Green Power LLC and Historic Cargill Falls Mill LLC, allege, *inter alia*, that they sustained damages, including but not limited to increased project costs, losses stemming from project delays, and additional time and expense to obtain engineering services resulting from Renewable Power Consulting, P.A. and Nash's conduct in connection with the Project.

## COUNT I – DECLARATORY JUDGMENT

15. The Hanover Insurance Company incorporates by reference into this Count all of the allegations appearing in paragraphs 1- 14 of this Complaint as if more fully set forth herein.

16. The Policy provides, in relevant part, the following:

5

Business Owners Coverage Form
...
Section II- Liability
A. Coverages
1. Business Liability
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.
...
b. This insurance applies:
(1) To ..."property damage" only if:
(a) The ... "property damage" is caused by an "occurrence"...
...
B. Exclusions
1. Applicable to Business Liability Coverage
This insurance does not apply to:

...
j. Professional Services *


*Amended Professional Liability Exclusion
This endorsement modifies insurance provided under the following: Businessowners Coverage Form

Section II- Liability is amended as follows:
Paragraph B. Exclusion j. is replaced with the following:
j. Professional Services
"Bodily injury", or "property damage", "personal and advertising injury" caused by the rendering or failure to render any professional service, advice or instruction by you or on your behalf... This includes but is not limited to:
...
(2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;


...
o. Recall of Products, Work or Impaired Property *As modified by the "Businessowners Liability Special Broadening Endorsement"

* Businessowners Liability Special Broadening Endorsement
8. Product Recall Expense

6

a. Under Section II- Liability, B. Exclusions, Paragraph 1.o. is replaced in its entirety by the following:
o. Recall of Products, Work or Impaired Property
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

…

(2) "Your work"

…

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it…


…

F. Liability and Medical Expenses Definitions

…

7. Executive Officer means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

…

9. "Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less usefulness because:
a. it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangers; or
b. you have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by:
(1) The repair, replacement, adjustment or removal of "your product" or "your work"; or
(2) Your fulfilling the terms of the contact or agreement

…

14. "Occurrence" means accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

18. "Property Damage" means

…

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

7

...
23. "Your work":
a. means:
(1) work or operations performed by you or on your behalf; and

...
b. Includes:
(1)warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
(2) the providing of or failure to provide warnings or instructions


...
Commercial Liability Umbrella Coverage Form
Section I- Coverages
Coverage A- Bodily Injury and Property Damage Liability
1. Insurance Agreement
a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies...
...
2. Exclusions
This insurance does not apply to:

...
q. Recall of Products, Work Or Impaired Property
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

...
(2)Your work; or
(3) "Impaired Property'"
If such...work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.
...
s. Professional Services
"Bodily injury" or "property damage" due to rendering or failure to render any professional service.  This includes but is not limited to:

...
(2) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any

8

architect, engineer or surveyor performing services on a project on which you serve as construction manager;

(3) Inspection, supervision, quality control, architectural or engineering activities done by or for you in a project on which you serve as construction manager;

(4) Engineering services, including related supervisory or inspection services.

…

Section V- Definitions

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

18. "Property Damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physical injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

…

28. "Your Work":

a. means:

(1) Work or operations performed by you or on your behalf…

17. The damages alleged by Putnam Green Power LLC and Historic Cargill Falls Mill LLC arose out of Renewable Power Consulting, P.A. and Nash's rendering or failure to render professional service, advice and/or instruction, including but not limited to: preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs, or inspections as well as supervisory, inspection and engineering services.

18. The professional services provided by Renewable Power Consulting, P.A. and Nash in connection with the Project subject of the Underlying Action are

9

excluded from coverage under the Professional Services exclusion as modified by the Amended Professional Liability Exclusion endorsement of the Policy.

19. The damages alleged by Putnam Green Power LLC and Historic Cargill Falls Mill LLC arise out of loss, costs or expenses incurred for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Renewable Power Consulting, P.A. and Nash's work in connection with the Project.

20. The damages alleged by Putnam Green Power LLC and Historic Cargill Falls Mill LLC against Renewable Power Consulting, P.A. and Nash in connection with the Project subject of the Underlying Action are excluded from coverage under the Product Recall Expense exclusion as modified by the Businessowners Liability Special Broadening Endorsement of the Policy.

## PRAYER FOR RELIEF

Plaintiff demands a declaratory judgment by this Court against the defendants declaring the following:

1. The Hanover Insurance Company has no obligation under the Policy to defend Renewable Power Consulting, P.A. with respect to the claims made against it by Putnam Green Power LLC and Historic Cargill Falls Mill LLC in the Underlying Action.

2. The Hanover Insurance Company has no obligation under the Policy to indemnify Renewable Power Consulting, P.A. with respect to the claims made

against it by Putnam Green Power LLC and Historic Cargill Falls Mill LLC in the Underlying Action.

3.  The Hanover Insurance Company has no obligation under the Policy to defend Alfred Nash with respect to the claims made against him by Putnam Green Power LLC and Historic Cargill Falls Mill LLC in the Underlying Action.

4.  The Hanover Insurance Company has no obligation under the Policy to indemnify Alfred Nash with respect to the claims made against him by Putnam Green Power LLC and Historic Cargill Falls Mill LLC in the Underlying Action.

**Dated:** June 6, 2019

THE PLAINTIFF,
THE HANOVER
INSURANCE COMPANY

By: Christopher P. Williams
Fed. Bar No. ct28876
Tara F. Racicot
Fed Bar No. ct30619
Conway Stoughton LLC
641 Farmington Avenue
Hartford, CT 06105
(860) 523-8000 (p)
(860) 523-8002 (f)
cwilliams@conwaystoughton.com
tracicot@conwaystoughton.com